1  STEVEN T. GUBNER - State Bar No. 156593
   RICHARD D. BURSTEIN – State Bar No. 56661
2  BARAK VAUGHN - State Bar No. 227926
   **EZRA | BRUTZKUS | GUBNER LLP**
3  21650 Oxnard Street, Suite 500
   Woodland Hills, California  91367
4  Telephone:  (818) 827-9000
   Facsimile:  (818) 827-9099
5
   Attorneys for David R. Hagen, Chapter 7 Trustee
6

7                    **UNITED STATES BANKRUPTCY COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9                    **SAN FERNANDO VALLEY DIVISION**

10
   In re                                    )   Case No. SV 06-10733-GM
11                                          )
   MERIDIAN HEALTH CARE                     )   Chapter 7
12 MANAGEMENT, INC., a Delaware             )
   Corporation,                             )   Adv. No.
13                                          )
   Tax ID: 95-4752947                       )   COMPLAINT FOR:
14                                          )
                    Debtor.                 )    1. AVOIDANCE AND RECOVERY OF
15 ─────────────────────────────           )       STATE LAW FRAUDULENT
                                            )       CONVEYANCES CALIFORNIA
16 DAVID R. HAGEN, Chapter 7 Trustee,       )       CODE CIVIL CODE  §§
                                            )       3439.04(a)(1), 3439.04 (a)(2) and
17                   Plaintiff,             )       3439.05;
                                            )    2. AVOIDANCE OF FRAUDULENT
18           vs.                            )       TRANSFERS PURSUANT TO 11
                                            )       U.S.C. §544 et seq.;
19 NAUTIC PARTNERS, LLC, a Delaware         )    3. AVOIDANCE OF FRAUDULENT
   Limited Liability Corporation;           )       TRANSFERS PURSUANT TO 11
20 CHISHOLM PARTNERS IV, LP; a              )       U.S.C. §548 et seq.;
   Delaware Limited Partnership; FLEET      )    4. AVOIDANCE OF FRAUDULENT
21 VENTURE RESOURCES, INC.; a               )       TRANSFERS PURSUANT TO 11
   Delaware Limited Liability Corporation;  )       U.S.C. § 550 et seq.;
22 FLEET EQUITY PARTNERS VI LP; a           )    5. AVOIDANCE OF PREFERENTIAL
   Delaware Limited Partnership;            )       TRANSFERS;
23 KENNEDY PLAZA PARTNERS II,               )    6. FOR RECOVERY OF AVOIDED
   LLC; a Limited Liability Corporation;    )       TRANSFERS PURSUANT TO 11
24 SCOTT HILINSKI; a Individual; BRIAN      )       U.S.C. 550;
   SATO, an Individual; MICHAEL ALPER,      )    7. TURNOVER OF PROPERTY
25 an Individual; E4E, INCORPORATED; a      )       PURSUANT TO 11 U.S.C. 542;
   Delaware Corporation;                    )    8. BREACH OF FIDUCIARY DUTIES;
26 FAMILY/SENIORS MEDICAL GROUP,            )    9. AIDING AND ABETTING BREACH
   a California Professional Medical        )       OF FIDUCIARY DUTY;
27 Corporation; INC.; NORTHRIDGE            )   10. AIDING AND ABETTING FRAUD
   MEDICAL GROUP, INC., a California         )   11. NEGLIGENCE
28 Professional Medical Corporation,        )   12. DECLARATORY RELIEF
                                            )
                    Defendants.             )

                                     1

|   |   |
|---|---|
| 1 | )    Date:   [To Be Set By Court] |
| 2 | )    Time: |
|   | )    Place: |

)    Date:   [To Be Set By Court]
)    Time:
)    Place:
)
)
)
)
)
)

PLAINTIFF ALLEGES:

TO DEFENDANTS, NAUTIC PARTNERS, LLC, CHISHOLM PARTNERS IV, LP; FLEET VENTURE RESOURCES, INC.; FLEET EQUITY PARTNERS VI LP; KENNEDY PLAZA PARTNERS II, LLC; SCOTT HILINSKI; BRIAN SATO; MICHAEL ALPER; E4E, INCORPORATED; FAMILY/SENIORS MEDICAL GROUP; NORTHRIDGE MEDICAL GROUP, INC.; AND TO ALL OTHER INTERESTED PARTIES:

1.    On or about May 16, 2006, the above-captioned debtor, MERIDIAN HEALTH CARE MANAGEMENT, INC. (the "Debtor") filed a voluntary petition under Title 7 of the United States Code (the "Petition Date").

2.    On or about May 16, 2006, DAVID R. HAGEN ("Trustee") was duly appointed pursuant to Court Order as the acting Chapter 7 Trustee and remains so. The Trustee brings this Adversary Proceeding in his capacity as Trustee.

3.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. § 157(b)(2)(F) and (H). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to the Debtor's case under Title 7 of the United States Code that is still pending.

4.    The instant complaint (the "Complaint") initiates an adversary proceeding (the "Adversary Proceeding") in which the Plaintiff is seeking to recover for the benefit of the Estate monies paid by the Debtor (collectively the "Property") transferred by the Debtor (collectively, the "Transfer") to the Defendants on or about December 2005 and thereafter and on the facts and claims alleged herein below.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

5.      The Debtor, at all relevant times herein, was a Delaware corporation with its offices and principal place of business in Woodland Hills, County of Los Angeles, State of California and was engaged in the business of providing operations, management and administrative services for independent medical practice associations.  Prior to July 1999, the Debtor's predecessor in interest, Meridian Health Care Management, LP ("Meridian LP"), was a Delaware limited partnership with its offices and principal place of business in the County of Los Angeles, State of California.

6.      The Trustee is informed and believes and based thereon alleges that Defendant NAUTIC PARTNERS, LLC, at all relevant times herein was a Delaware limited liability corporation with its principal place of business in Providence, Rhode Island, specializing in the formation and structuring of, investment in, participation in, and management of, among others, companies engaged in providing health care administration and management of services in California and other locations throughout the United States, and the successor in interest of Fleet Equity Partners ( collectively, "Nautic").

7.      The Trustee is informed and believes and based thereon alleges that Defendants CHISHOLM PARTNERS IV, LP ("Chisholm") and FLEET EQUITY PARTNERS VI, LP ("Fleet Equity"), at all relevant times herein were Delaware corporation and Defendant KENNEDY PLAZA PARTNERS II, LLC, at all relevant times herein was a Delaware limited liability company ("Kennedy").  Chisholm, Fleet Equity, Fleet Venture and Kennedy (collectively, with Nautic and Defendant Scott Hilinski, referred to herein as the "Nautic Defendants") each at all relevant time herein had offices and principal places of business in Providence, Rhode Island.

8.      The Trustee is informed and believes and based thereon alleges that Defendant SCOTT HILINSKI was at all relevant times herein a Managing Director of Nautic, concentrating on its healthcare operations.  In addition, from mid-1999 through the sale of the Debtor to E4E, Inc. in or about December 2005, Hilinski was a member of the Board of Directors of the Debtor, and was appointed to represent the interests of the Nautic Defendants on Debtor's Board of

3

1    Directors.  In each and every act alleged herein, Hilinski was acting within the course and scope

2    of his actual, ostensible, apparent  agency and/or the employ of the Debtor, and the Trustee is

3    informed and believes and on that basis alleges that Hilinski at all times relevant herein also

4    acted within the course and scope of his actual, ostensible, apparent and/or implied authority as a

5    director, officer, agent and/or employee of the other Nautic Defendants and each of them, and

6    with their knowledge, permission, acquiescence and consent.

7          9.      The Trustee is informed and believes and based thereon alleges that Defendant

8    MICHAEL ALPER ('Alper") at all relevant times herein was the President and Chief Executive

9    Officer of the Debtor, as well as a member of the Debtor's Board of Directors.  Alper, in the acts,

10   conduct and events set forth in this Complaint, at all relevant times acted within the course and

11   scope of his actual, ostensible, apparent and/or implied authority as a director, officer, agent

12   and/or employee of the Debtor.

13         10.     The Trustee is informed and believes and based thereon alleges that Defendant

14   BRIAN SATO ("Sato") at all relevant times herein was the Chief Financial Officer of the

15   Debtor, as well as a member of the Debtor's Board of Directors.  Sato, in the acts, conduct and

16   events set forth in this Complaint and at all relevant times acted within the course and scope of

17   his actual, ostensible, apparent and/or implied authority as a director, officer, agent and/or

18   employee of the Debtor with permission, acquiescence and consent, and with apparent authority

19   and agency conferred on him by Hilinski and the Nautic Defendants.

20         11.     The Trustee is informed and believes and on that basis alleges that Defendant

21   E4E, INCORPORATED ("E4E") is a corporation organized under the laws of Delaware with its

22   principal place of business in Santa Clara, California.  E4E purchased, through a reverse

23   triangular merger, all assets and liabilities of the Debtor.

24         12.     The Trustee is informed and believes and on that basis alleges that Defendant

25   FAMILY/SENIORS MEDICAL GROUP, INC.. ("FS") was at all times herein a California

26   Professional Medical Corporation with its corporate headquarters in Woodland Hills, County of

27   Los Angeles, State of California, operating as an independent medical practice association

28   providing medical services.

13.    The Trustee is informed and believes and on that basis alleges that Defendant NORTHRIDGE MEDICAL GROUP, INC. ("NMG") was at all times relevant hereto, and is, a California Professional Medical Corporation with its principal place of business in Northridge, California, County of Los Angeles, State of California, operating as an independent medical practice association providing medical services.

14.    The Trustee is informed and believes and based thereon alleges that in or about July 1999, the Nautic Defendants, by and through Defendant Hilinski, who was the Managing Director of Nautic and controlled its health care operations, and Debtor's predecessor, Meridian LP, together with Defendants Alper and Sato, among others, entered into a scheme and plan for the Debtor to be formed to assume the business operations and assets of Meridian LP and for the Nautic Defendants concurrently to become primary investors in, and to participate in the management, control and operation of what became the Debtor ("Meridian Investment").

15.    The Trustee is informed and believes and based thereon alleges that in or after 1999, Defendant Hilinski had primary responsibility for monitoring the Meridian Investment and served as a director of the Debtor on behalf of the Nautic Defendants until the Debtor's assets were sold to Defendant E4E in December 2005. In addition, Defendant Hilinski used his position as a director of the Debtor to perform his monitoring function for the Nautic Defendants portfolio, applying as well the information he obtained from his position at the Debtor in his ongoing involvement in the health care industry.

16.    The Trustee is informed and believes and based thereon alleges that on or about July 24, 1999, the Debtor was incorporated and on or about July 26, 1999, the Debtor and the Nautic Defendants entered into certain agreements under which the Nautic Defendants acquired all of the issued and outstanding preferred stock of the Debtor as well as the subordinated debt issued to them by the Debtor in the principal amount of $3,750,000.00.

17.    The Trustee is informed and believes and based thereon alleges that from its incorporation until and through 2005, the Debtor entered into numerous agreements with health care providers, including, but not limited to, independent medical practice associations such as FS and NMG, whereby the Debtor agreed to provide management, administrative and related

5

1    services to those various health care providers. Pursuant to such agreements, the Debtor, its

2    Directors and Officers, and its Controlling shareholder, the Nautic Defendants, obtained and

3    exercised operational control over certain bank accounts, revenues and funds of those various

4    health care providers.

5      18. The Trustee is informed and believes and based thereon alleges that beginning in

6    mid-2003, the Debtor began experiencing financial difficulty, and during the period from June

7    through September 2003, lost significant customer accounts resulting in significant financial

8    losses and negative cash flow, and that Defendant Hilinski (then Chairman of the Audit and

9    Compensation Committees of the Debtor's Board of Directors), as well as Defendants Alper and

10   Sato, were aware of and discussed the foregoing events.

11     19. The Trustee is informed and believes and based thereon alleges that in or about

12   October 2003, Defendants Hilinski, Alper and Sato had a telephonic discussion regarding the

13   Debtor's financial position and cash flow shortages. On the October 2003 telephonic

14   conversation, the following discussion occurred:

15       a. Defendant Alper requested that the Nautic Defendants provide additional

16        infusion of several million dollars to the Debtor, which Hilinski

17        immediately refused on behalf of the Nautic Defendants; and

18       b. Defendants Hilinski (as the representative for the Nautic Defendants),

19        Alper and Sato discussed alternative ways of meeting the Debtor's cash

20        flow needs, and adopted a scheme and plan to embezzle, steal and convert

21        funds from various customer accounts, which Defendants lacked any color

22        of right to, in order to provide cash for the benefit of the Debtor and the

23        Nautic Defendants.

24     20. The Trustee is informed and believes and based thereon alleges that from about

25   October 2003 through discovery of said fraudulent scheme in or about December 2005, the

26   Defendants, Alper, Sato, Hilinski, and the Nautic Defendants pursued and furthered this scheme

27   of converting funds from their various health care provider accounts over which the Debtor had

28   control, but which the Debtor had not earned and was not in any way entitled to receive. The

6

1    scheme was created by such Defendants to provide cash to cover the negative cash flow of the

2    Debtor in the hopes of staving off the demise of the Debtor for their own financial gain.

3          21.    The Trustee is informed and believes and based thereon alleges that at and before

4    the time Defendants adopted the above referenced fraudulent scheme and plan, the Debtor

5    experienced negative cash flow averaging $350,000.00 per month. The Debtor's cash flow

6    shortages prevented the Debtor from repayment of its debit and stock redemption obligations to

7    the Controlling Shareholders, including, but not limited to, the Nautic Defendants, when they

8    became due in mid-2004. Indeed, Defendant Hilinski knew that the Debtor's financial condition

9    was "not healthy" and was fully advised as to "the decline of the Debtor's active clients from

10    August 2003 to March of 2005."

11         22.    The Trustee is informed and believes and based thereon alleges that pursuant the

12    aforementioned scheme, such Defendants, directly through Sato, Alper, Hilinski, and the Nautic

13    Defendants as the Defendants representatives and agents, did the following:

14          a.    Knowingly misappropriating more than $9,000,000.00 in funds entrusted

15             to and under the control of the Debtor;

16          b.    Falsely representing the financial condition, business operations and

17             liabilities of the Debtor, among other means, by causing improper and

18             false entries to be made to various health provider client accounts and

19             concealing the actual balances in the client's various fund accounts to hide

20             the misappropriation of funds; and

21          c.    Interrupting and discontinuing the annual audits (per the direction of

22             Defendant Hilinski) for the year ending December 2003 (the first year of

23             the scheme) and each year thereafter, and failed to put in place adequate or

24             prudent financial controls for the Debtor.

25         23.    The Trustee is informed and believes and based thereon alleges that in the

26    absence of any new customers or new ways to generate a positive cash flow, the Defendants

27    went forward with their scheme, which continued a strategy of producing false income

28    statements and financials for the purpose of selling the Controlling Shareholders' position in the

Debtor to a third party. In fact, the Plaintiff is informed and believes, and therefore alleges, that Defendant Hilinski stated that the loss by the Debtor of PacifiCare in 2003 was a "big issue" which "might have been a factor in the decision to sell the Debtor."

24.     The Trustee is informed and believes and based thereon alleges that defendant Hilinski and Nautic Defendants in perpetuating this fraud concerning Debtor's financial condition on its clients and potential third party suitors, also did the following:

    a.    Hilinski took a leading role and active part in the negotiations with E4E culminating in the sale of both Hilinski's own personal investment and the Controlling Shareholders' (including Nautic) interests;

    b.    Hilinski interjected himself in dealing with Debtor's relationship with Bank of America regarding its loan with the Debtor, in negotiating the payoff of the loan as part of the E4E transaction as well as addressing the bank's concerns and avoiding having the bank call the loan, which would have hurt the E4E transaction.

25.     The Trustee is informed and believes and based thereon alleges that through Hilinski's acts and omissions, the E4E transaction was consummated in December of 2005, with direct payoffs to only the Controlling Shareholders including the Nautic Defendants of approximately $6,100,000.00, plus an additional $1,270,000, for the payoff of the Bank of America loan and ahead of all other creditors. Further, Defendants Alper and Sato received performance "bonuses" from the Nautic Defendants as a result of helping to consummate the sale to E4E. (Hereinafter the payoffs to the Controlling shareholders and bonuses to the Officers and Directors are referred to as "Proceeds"). The E4E transaction was structured by the Defendants in such a fashion as to result in claims by E4E against the Debtor for material misrepresentation after the Defendants realized the benefits alleged.

## FIRST CLAIM FOR RELIEF

(To Avoid Actual Fraudulent Transfers Pursuant to California Civil Code § 3439.04(a)(1)
Against Defendants Alper, Sato, Hilinski and Nautic Defendants)

8

26.    The Trustee repeats and re-alleges and incorporates herein by reference the allegations in paragraphs 1 through 25 above, as if set forth in full herein.

27.    The Trustee is informed and believes and based thereon alleges that the Debtor, Alper, Sato, Hilinski and the Nautic Defendants made the Transfer with the actual intent to delay, hinder or defraud the Debtors creditors.

28.    Interest on the Transfers has accrued and continues to accrue from the date that the Transfers were made.

29.    By reason of the foregoing, the Transfers, and each of them, are avoidable pursuant to Bankruptcy Code § 544(b) and Cal. Civ. Code § 3439.04(a)(1).

## SECOND CLAIM FOR RELIEF

(To Avoid Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439.04(a)(2) and 3439.05 Against Alper, Sato, Hilinski and Nautic Defendants)

30.    The Trustee repeats and re-alleges and incorporated herein by reference the allegations in paragraphs 1 through 29 above, as of set forth in full herein.

31.    The Trustee is informed and believes and based thereon alleges that the Debtor did not receive reasonably equivalent value in exchange for the Transfers and that the Debtor was insolvent or became insolvent as a result of the Transfers, and despite its interest in the Transfers, the Debtor was wholly excluded from receiving any of the Transfers, compensation value, or the like in exchange for the Transfers.

32.    The Trustee is informed and believes and thereon alleges that the Debtor did not receive reasonably equivalent value in exchange for the Transfers and (i) was engaged in or was about to engage in a business or transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (ii) the Debtor intended to incur, or believed that it would incur, debts beyond its ability to pay as they became due.

33.    The Trustee is informed and believes and based thereon alleges that at all relevant times, the Transfers of the Debtor's interest in the Transfers were voidable by a creditor of the Debtor, under, without limitation, California Civil Code §§ 3439.04(a)(2) and 3439.05 and under Bankruptcy Code § 544(b).

34.    The Trustee is informed and believes and based thereon alleges that the Debtor had unsecured creditors of the Estate whose claims existed at the time the Transfers of the Debtor's interest in the Transfers and hold allowable claims under Bankruptcy Code § 502.

35.    Interest on the Transfers has accrued and continues to accrue from the date that the transfers were made.

36.    The Trustee is entitled to an order and judgment under, without limitation, Bankruptcy Code §§ 544(b) and California Civil Code §§ 3439.04(a)(2) and 3439.05 that the release of the Transfers, and each of them, are avoided.

### THIRD CLAIM FOR RELIEF

(Avoidance of Fraudulent, Actual Intent Pursuant to Bankruptcy Code 11 U.S.C. § 548(a)(1)(A) Against Alper, Sato, Hilinski, and Nautic Defendants)

37.    The Trustee repeats and re-alleges and incorporates herein by reference the allegations in paragraphs 1 through 36 above, as if set forth in full herein.

38.    The Trustee is informed and believes and thereon alleges that the Debtor, Alper, Sato, Hilinski and the Nautic Defendants entered into an agreement to Transfer Debtor's property with the actual intent to hinder, delay, or defraud the Debtor's creditors and in an effort to place the Debtor's interest in the Transfers constituting assets of value, or the proceeds thereof, outside the reach of the Debtor's creditors.

39.    Interest on the Transfers has accrued and continues to accrue from the date that the Transfers were made.

40.    By reason of the foregoing, the Transfers, and each of them, are avoidable pursuant to section 548(a)(1)(A).

### FOURTH CLAIM FOR RELIEF

(Avoidance of the Fraudulent Transfer, Constructive Intent (Insolvency) Pursuant to Bankruptcy Code 11 U.S.C. §548(a)(1)(B)(i) and (ii) Against Alper, Sato, Hilinski, E4E and Nautic Defendants)

41.    The Trustee repeats and re-alleges and incorporates herein by reference the allegations in paragraphs 1 through 40 above, as of set forth in full herein.

10

42.    The Trustee is informed and believes and based thereon alleges that the Debtor did not receive reasonably equivalent value in exchange for the Transfers such that, despite its interest in the Transfers, the Debtor was wholly excluded from receiving any of the proceeds, compensation, value, or the like in exchange for the Transfers.

43.    The Trustee is informed and believes and based thereon alleges that as a result of the Transfers, the Debtor was (i) insolvent when the Transfers were made, or became insolvent as a result of the Transfers; or (ii) was engaged in business or a transaction, for which the property remaining with the Debtor was unreasonably small capital; or (iii) intended to incur, or believed that the Debtor would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

44.    Interest on the Transfers of the Debtor has accrued and continues to accrue from the date that the Transfers were made.

45.    By reason of the foregoing, the Transfers are avoidable pursuant to Section 548(a)(1)(B)(i) and (ii).

### FIFTH CLAIM FOR RELIEF

(Avoidance of Preferential Transfers Pursuant to Bankruptcy Code 11 U.S.C § 547(b)
Against E4E, Alper, Sato, Hilinski and the Nautic Defendants)

46.    The Trustee repeats and re-alleges and incorporates herein by reference the allegations in paragraphs 1 through 45 above, as if set forth in full herein.

47.    During the one year period prior to the Petition Date, the Debtor transferred its interest in the Proceeds of the Transfers. During the 90 day period prior to the Petition Date, the Debtor transferred its interest in the Transfers to the Defendants. The foregoing Transfers are hereinafter collectively referred to as the "Avoidable Transfers."

48.    The Avoidable Transfers were to or for the benefit of the Defendants, creditors of the Debtor.

49.    The Avoidable Transfers were on account of an antecedent debt(s) owed by the Debtor to Defendants before such transfers were made.

11

50.    The Avoidable Transfers to the Defendants were made while the Debtor was insolvent.

51.    The Avoidable Transfers enabled the Defendants to recover more than they would have received if (a) the Avoidable Transfers had not been made, and (b) the Defendants received payments of their debt to the extent provided by the provisions of Title 11 of the United States Code.

52.    By reason of the foregoing, the Avoidable Transfers should be avoided and set aside as preferential and the money transferred should be returned to the Debtor.

### SIXTH CLAIM FOR RELIEF

(For Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550(a)
Against Defendants Alper, Sato, Hilinski and the Nautic Defendants)

53.    The Trustee repeats and re-alleges and incorporates herein by reference the allegations in paragraphs 1 through 45 above, as if set forth in full herein.

54.    By reason of the foregoing, the Trustee is entitled to recover the Proceeds or their value from Defendants Alper, Sato, Hilinski and the Nautic Defendants pursuant to Bankruptcy Code § 550(a).

### SEVENTH CLAIM FOR RELIEF

(For Turnover of Property Pursuant to 11 U.S.C. § 542(a)
Against Defendants Alper, Sato, Hilinski and the Nautic Defendants)

55.    The Trustee repeats and re-alleges and incorporates herein by reference the allegations in paragraphs 1 through 45, as if set forth in full herein.

56.    By reason of the foregoing, Defendants Alper, Sato, Hilinski and the Nautic Defendants are required to turnover the Proceeds to the Trustee pursuant to Bankruptcy Code § 542(a).

### EIGHTH CLAIM FOR RELIEF

(For Breach of Fiduciary Duties Against
Defendants Alper, Sato, and Hilinski)

57.    The Trustee repeats and re-alleges and incorporates herein by reference the allegations in paragraphs 1 through 45 above, as if set forth in full herein.

58.    By virtue of the relationships as Directors, Officers and Controlling shareholders that existed between the Debtor and the above-referenced Defendants, and by virtue of the Debtor having placed confidence in the express representations, fidelity, and integrity of the above-referenced Defendants, and each of them, in entrusting the above-referenced Defendants with acting on their own behalf, a relationship existed at all times relevant hereto between the above-referenced Defendants and the Debtor.

59.    Despite having voluntarily accepted the trust and confidence of the Debtor with regard to operating its business and looking after the best interests of the Debtor, the above-referenced Defendants abused the trust and confidence of the Debtor and their fiduciary relationship to the Debtor by failing to perform fully and competently their functions and duties in representing the Debtor's interests in abiding by the Debtor's contracts with third parties and/or creditors and acting only for their self-benefit and advantage of the above-referenced Defendants.

60.    As a proximate result of the above-referenced Defendants' aforementioned breach of fiduciary duties to the Debtor, the Debtor has been damaged in an amount according to proof at trial, but which amount is believed and therefore alleged to be greater than $15 million dollars.

61.    As a further proximate result of the above-referenced Defendants' breach of their fiduciary duties herein alleged, the Trustee, on behalf of the Debtor, incurred and continues to incur costs to investigate said breach of fiduciary duties and the facts bringing rise to the said breaches of fiduciary duties including, but not limited to, review of state court proceedings, declarations and depositions of Alper and Hilinski, the Debtor's files and, further, to correspond with the above-referenced Defendants concerning the allegations contained herein.

62.    In doing the acts herein alleged, the above-referenced Defendants acted with oppression, fraud, malice, and the Trustee, on behalf of the Debtor, is entitled to exemplary and/or punitive damages.

///

///

///

13

## NINTH CLAIM FOR RELIEF

(For Aiding and Abetting Breach of Fiduciary Duty Against
the Nautic Defendants only)

63.    The Trustee repeats and re-alleges and incorporates herein by reference the allegations in paragraphs 1 through 45 and 57 through 62 above, as of set forth in full herein.

64.    The Trustee is informed and believes and based thereon alleges that there existed a fiduciary relationship between Defendants Alper, Sato, Hilinski and the Nautic Defendants (without the Nautic Group).and the Debtor.

65.    The Trustee is informed and believes and based thereon alleges that despite having voluntarily accepted the trust and confidence of the Debtor with regard to operating its business and looking after the best interests of the Debtor,  Defendants Alper, Sato, Hilinski and the Nautic Defendants (without the Nautic Group) abused their trust and confidence of the Debtor and their fiduciary relationship to the Debtor by failing to perform fully and competently their functions and duties in representing the Debtor's interests in abiding by the Debtor's contracts with third parties and/or creditors and acting only for their self-benefit and advantage of the above-referenced Defendants.

66.    The Trustee is informed and believes and based thereon alleges that the above-referenced Defendant knowingly  and actively participated in the above-referenced fraudulent scheme as well as providing substantial assistance to the breaches of fiduciary duty by Defendants Alper, Sato, Hilinski and the Nautic Defendants (without the Nautic Group).

67.    As a further proximate result of the above-referenced Defendant's aiding and abetting of  Defendants Alper, Sato, Hilinski and the Nautic Defendants (without the Nautic Group) breaches of their fiduciary duties herein alleged, the Trustee, on behalf of the Debtor, incurred and continues to incur costs to investigate said claims for aiding and abetting the breach of fiduciary duties and the facts bringing rise to the said breaches of fiduciary duties including, but not limited to, review of state court proceedings, declarations and depositions of Alper and Hilinski, the Debtor's files and, further, to correspond with the above-referenced Defendants concerning the allegations contained herein.

68.    In doing the acts herein alleged, the above-referenced Defendants acted with oppression, fraud, malice, and the Trustee, on behalf of the Debtor, is entitled to exemplary and/or punitive damages.

### TENTH CLAIM FOR RELIEF

(For Aiding and Abetting Fraud Against
the Nautic Defendants only)

69.    The Trustee repeats and re-alleges and incorporates herein by reference the allegations in paragraphs 1 through 45 above, as of set forth in full herein.

70.    The Trustee is informed and believes and based thereon alleges that Defendants Alper, Sato, Hilinski and the Nautic Defendants (without the Nautic Group).actively and knowingly participated in a fraudulent scheme that brought about the demise of the Debtor to the financial gain of Defendants Alper, Sato, Hilinski and Nautic Defendants.

71.    The Trustee is informed and believes and based thereon alleges that despite having voluntarily accepted the trust and confidence of the Debtor with regard to operating its business and looking after the best interests of the Debtor,  Defendants Alper, Sato, Hilinski and the Nautic Defendants (without the Nautic Group) abused their trust and confidence of the Debtor by creating and actively participating in a fraudulent scheme that brought the demise of the Debtor.

72.    The Trustee is informed and believes and based thereon alleges that the above-referenced Defendant knowingly  and actively participated in the above-referenced fraudulent scheme as well as providing substantial assistance to the additional participants of the fraudulent scheme by Defendants Alper, Sato, Hilinski and the Nautic Defendants (without the Nautic Group).

73.    As a further proximate result of the above-referenced Defendant's aiding and abetting of  Defendants Alper, Sato, Hilinski and the Nautic Defendants (without the Nautic Group) fraudulent scheme herein alleged, the Trustee, on behalf of the Debtor, incurred and continues to incur costs to investigate said claims for fraud and the facts bringing rise to the said fraud including, but not limited to, review of state court proceedings, declarations and

1    depositions of Alper and Hilinski, the Debtor's files and, further, to correspond with the above-

2    referenced Defendants concerning the allegations contained herein.

3         74.      In doing the acts herein alleged, the above-referenced Defendants acted with

4    oppression, fraud, malice, and the Trustee, on behalf of the Debtor, is entitled to exemplary

5    and/or punitive damages.

6                         **ELEVENTH CLAIM FOR RELIEF**

7                 (For Negligence Against Defendant Scott Hilinski Only)

8         75.      The Trustee repeats and re-alleges and incorporates herein by reference the

9    allegations in paragraphs 1 through 25 above, as of set forth in full herein.

10        76.      The Trustee is informed and believes and based thereon alleges that Defendant

11    Hilinski owed a duty to the Debtor to protect the Debtor from the fraudulent scheme that brought

12    the Debtor to its demise.

13        77.      The Trustee is informed and believes and based thereon alleges that Defendant

14    failed to perform said duty as a outside director of the Debtor by knowingly and actively

15    participating in the fraudulent scheme and/or allowing such a fraudulent scheme to precipitate

16    after gaining knowledge of said scheme.

17        78.      The Trustee is informed and believes and based thereon alleges that as a result of

18    Defendant's breach of his duty to Debtor, the Debtor has been subject to litigation and injuries

19    that resulted in the demise of the Debtor.

20        79.      The Trustee is informed and believes and based thereon alleges that as a

21    proximate result of the above-referenced Defendant's aforementioned Negligence, the Debtor

22    has been damaged in an amount according to proof at trial, but which amount is believed and

23    therefore alleged to be greater than $15 million dollars.

24

25                         **TWELFTH CLAIM FOR RELIEF**

26   (For Declaratory Relief Against Defendants Northridge Medical Group, Inc. and Family/Seniors
Medical Group)

27        80.      The Trustee repeats and re-alleges and incorporates herein by reference the

28    allegations in paragraphs 1 through 45 above, as of set forth in full herein.

81.     The Trustee is informed and believes and based thereon alleges that the above-referenced Defendants filed and assert a Creditor claim against the Debtor's Estate.

82.     By reason of the foregoing, the Trustee contends that such claims or a portion thereof are the equitable property of the Estate pursuant to Bankruptcy Code Section 541(a).

83.     The Trustee is informed and believes and based thereon alleges that the above-referenced Defendants dispute this contention and contend they have a sole and exclusive right to their claims.

84.     A dispute now exists between the Trustee, on the one hand, and the above-referenced Defendants, on the other hand, as to whether the Debtor is entitled to the Proceeds and, therefore, the Proceeds are property of the Estate, or whether the Proceeds are the above-referenced Defendants sole and exclusive property.

85.     A judicial declaration is necessary and appropriate at this time, declaring that the Proceeds or a portion thereof, held by the above-referenced Defendants, are the Debtor's property and therefore property of the Estate pursuant to Bankruptcy Code Section 541(a).

WHEREFORE, the Trustee prays for Judgment against the Defendants as follows:

**ON THE FIRST, SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF**

1.     For a judgment that the Transfers, comprised of the delivery of the Proceeds, and the execution of the bonuses paid to Alper and Sato, and each of them, are avoided as fraudulent conveyances under Bankruptcy Code §§ 544(b), 548 and California Civil Code §§ 3439.04(a)(1), 3439.04(a)(2), and 3439.05 and recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an amount of not less than $8 million.

**ON THE FIFTH CLAIM FOR RELIEF**

1.     That the Avoidable Transfers be avoided.

**ON THE SIXTH CAUSE OF ACTION**

1.     For a judgment that the Proceeds, or their respective value, be recovered for the benefit of the Estate pursuant to Bankruptcy Code § 550.

17

**ON THE SEVENTH CLAIM FOR RELIEF**

1.      For a judgment that Defendants E4E, Alper, Sato, Hilinski and the Nautic

Defendants be required to turn over the Proceeds pursuant to Bankruptcy Code § 541(a).

**ON THE EIGHTH CLAIM FOR RELIEF**

1.      For damages in the sum of not less than $15,000,000.00.

2.      For exemplary damages.

**ON THE NINTH CLAIM FOR RELIEF**

For damages in the sum of not less than $15,000,000.00.

        For exemplary damages.

**ON THE TENTH CLAIM FOR RELIEF**

1.      For damages in the sum of not less than $15,000,000.00.

2.      For exemplary damages.

**ON THE ELEVENTH CLAIM FOR RELIEF**

1.      For damages in the sum of not less than $15,000,000.00.

**ON THE TWELFTH CLAIM FOR RELIEF**

1.      For a declaration that the Debtor has an interest in the Proceeds and, therefore, the

Proceeds are the property of the Estate.

///

///

///

///

///

///

1

2    **ON ALL CLAIMS FOR RELIEF**

3    1.      For attorneys' fees;

4    2.      For costs of suit incurred herein; and

5    3.      For such other and further relief as the Court deems just and proper.

6

7

8    DATED: August 20 , 2007              EZRA | BRUTZKUS | GUBNER LLP

9

10                                        By: _____
11                                             STEVEN T. GUBNER
                                               RICHARD BURSTEIN
12                                             BARAK VAUGHN
                                               Attorneys for David R. Hagen,
13                                             Chapter 7 Trustee

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Attorney or Party Name, Address, Telephone and Fax Number, and CA State Bar Number | FOR COURT USE ONLY |
|---|---|
| RICHARD D. BURSTEIN (SBN 56661)<br>BARAK VAUGHN (SBN 227926)<br>EZRA \| BRUTZKUS \| GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, California 91367<br>(818) 827-9000<br>Fax No.: (818) 827-9099<br>Bar No. 56661<br>*Attorney for Plaintiff* David R. Hagen, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: MERIDIAN HEALTH CARE MANAGEMENT, INC. | CHAPTER  7 |
|---|---|
| | CASE NUMBER  1:06-bk-10733-GM |
| Debtor. | ADVERSARY NUMBER |
| David R. Hagen, Chapter 7 Trustee<br><br> vs. <br>Plaintiff(s),<br>NAUTIC PARTNERS, LLC, a Delaware Limited Liability Corporation;<br>(*see continuation page*)<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|

☐ **255 East Temple Street, Los Angeles**      ☐ **411 West Fourth Street, Santa Ana**

☐ **21041 Burbank Boulevard, Woodland Hills**      ☐ **1415 State Street, Santa Barbara**

☐ **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**


By: _____
**Deputy Clerk**

This form is mandatory  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*                                                          **F 7004-1**

Summons and Notice of Status Conference
Form F 7004-1
Page 2
CONTINUATION PAGE RE: CAPTION

STEVEN T. GUBNER - State Bar No. 156593
RICHARD D. BURSTEIN – State Bar No. 56661
BARAK VAUGHN - State Bar No. 227926
**EZRA | BRUTZKUS | GUBNER LLP**
21650 Oxnard Street, Suite 500
Woodland Hills, California 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099


Attorneys for David R. Hagen, Chapter 7 Trustee


In re:    MERIDIAN HEALTH CARE MANAGEMENT,     )
          INC, a Delaware Corporation,          )
                                                )
Debtor.                                         )
                                                )
Tax ID: 95-4752947                              )
                                                )
                                                )
_____          )
                                                )
DAVID R. HAGEN, Chapter 7 Trustee,              )
                                                )
Plaintiff,                                      )
v.                                              )
                                                )
NAUTIC PARTNERS, LLC, a Delaware Limited        )
Liability Corporation; CHISHOLM PARTNERS IV, LP; )
a Delaware Limited Partnership; FLEET VENTURE   )
RESOURCES, INC.; a Delaware Limited Liability   )
Corporation; FLEET EQUITY PARTNERS VI LP;       )
a Delaware Limited Partnership; KENNEDY PLAZA   )
PARTNERS II, LLC; a Limited Liability Corporation; )
SCOTT HILINSKI; a Individual; BRIAN SATO,       )
an Individual; MICHAEL ALPER, an Individual; E4E, )
INCORPORATED; a Delaware Corporation;           )
FAMILY/SENIORS MEDICAL GROUP, a California      )
Professional Medical Corporation; INC.; NORTHRIDGE )
MEDICAL GROUP, INC., a California Professional  )
Medical Corporation,                            )
                                                )
Defendants.                                     )
_____          )

Summons and Notice of Status Conference - Page Two (2)

**F 7004-1**

| | |
|---|---|
| In re MERIDIAN HEALTH CARE MANAGEMENT, INC. | CHAPTER 7 |
| Debtor. | CASE NUMBER 1:06-bk-10733- |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF  Los Angeles

1.  I am employed in the County of  Los Angeles , State of California.  I am over the age of 18 and not a party to the within action.  My business address is as follows:  21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367

2.  [x]  **Regular Mail Service:** On _____ , I served the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at  Woodland Hills , California, addressed as set forth below.

3.  [ ]  **Personal Service:** On _____ , personal service of the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was made on the Defendant(s) at the address(es) set forth below.

4.  Defendant(s) and address(es) upon which service was made:
    (see attached page)

[x]  Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:

_____          _____
Type Name                                Signature

This form is mandatory  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Revised December 1998 (COA-SA)                                          **F 7004-1**

FORM 104 (10/06)

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

| | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| DAVID R. HAGEN, Chapter 7 Trustee | NAUTIC PARTNERS, LLC, a Delaware Limited Liability Corporation<br>*(see Continuation page)* |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| RICHARD D. BURSTEIN (SBN 56661)<br>BARAK VAUGHN (SBN 227926)<br>EZRA \| BRUTZKUS \| GUBNER LLP<br>Woodland Hills, California 91367<br>(818) 827-9000 | |

| PARTY (Check One Box Only) | | PARTY (Check One Box Only) | |
|---|---|---|---|
| Debtor | U.S. Trustee/Bankruptcy Admin | Debtor | U.S. Trustee/Bankruptcy Admin |
| Creditor | Other | Creditor | x Other |
| x Trustee | | Trustee | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
1.AVOIDANCE AND RECOVERY OF STATE LAW FRAUDULENT CONVEYANCES CALIFORNIA CODE CIVIL CODE §§ 3439.04(a)(1), 3439.04 (a)(2) and 3439.05; 2. AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §544 et seq.; 3. AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548 et seq.; 4. AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 550 et seq.; 5. AVOIDANCE OF PREFERENTIAL TRANSFERS;6. FOR RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. 550; 7. TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. 542;   8. BREACH OF FIDUCIARY DUTIES; 9. AIDING AND ABETTING BREACH OF FIDUCIARY DUTY; 10. AIDING AND ABETTING FRAUD; 11. NEGLIGENCE; and 12. DECLARATORY RELIEF

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [4] 11-Recovery of money/property - §542 turnover of property
- [3] 12-Recovery of money/property - §547 preference
- [1] 13-Recovery of money/property - §548 fraudulent transfer
- [2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce/sep property settlement/decree
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – reinstatement of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [5] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
| [ ] Check if a jury trial is demanded in complaint | Demand  $ 15 Million |

Other Relief Sought

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>MERIDIAN HEALTH CARE MANAGEMENT, INC. | BANKRUPTCY CASE NO.<br>1:06-bk-10733-GM | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISIONAL OFFICE<br>SAN FERNANDO VALLEY | NAME OF JUDGE<br>HON. GERALDINE MUND |

B104

FORM 104 (10/06), Page 2

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF<br>David Hagen, Chapter 7 Trustee | DEFENDANT<br>Nautic Partners LLC et al; AND   Nautic Partners LLC et al | ADVERSARY PROCEEDING NO.<br>1:07-ap-01049-GM  &   1:07-ap-01050-GM |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Central | DIVISIONAL OFFICE<br>San Fernando Valley | NAME OF JUDGE<br>Hon. Geraldine Mund |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>August 20, 2007 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>RICHARD D. BURSTEIN  (SBN 56661) | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court.  In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system.  (CM/ECF captures the information on Form 104 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

STEVEN T. GUBNER - State Bar No. 156593
RICHARD D. BURSTEIN – State Bar No. 56661
BARAK VAUGHN - State Bar No. 227926
**EZRA | BRUTZKUS | GUBNER LLP**
21650 Oxnard Street, Suite 500
Woodland Hills, California  91367
Telephone:  (818) 827-9000
Facsimile:  (818) 827-9099


Attorneys for David R. Hagen, Chapter 7 Trustee

| | |
|---|---|
| In re:   MERIDIAN HEALTH CARE MANAGEMENT, INC, a Delaware Corporation,<br><br>Debtor.<br><br>Tax ID: 95-4752947<br><br>_____<br><br>DAVID R. HAGEN, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>NAUTIC PARTNERS, LLC, a Delaware Limited Liability Corporation; CHISHOLM PARTNERS IV, LP; a Delaware Limited Partnership; FLEET VENTURE RESOURCES, INC.; a Delaware Limited Liability Corporation; FLEET EQUITY PARTNERS VI LP; a Delaware Limited Partnership; KENNEDY PLAZA PARTNERS II, LLC; a Limited Liability Corporation; SCOTT HILINSKI; a Individual; BRIAN SATO, an Individual; MICHAEL ALPER, an Individual; E4E, INCORPORATED; a Delaware Corporation; FAMILY/SENIORS MEDICAL GROUP, a California Professional Medical Corporation; INC.; NORTHRIDGE MEDICAL GROUP, INC., a California Professional Medical Corporation,<br><br>Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |