1  UZZELL S. BRANSON III (State Bar No. 46561)
   A Professional Corporation
2  LAW OFFICES OF UZZELL S. BRANSON III
   225 South Lake Avenue, Suite 1400
3  Pasadena, California 91101
   Telephone: (626) 683-8925
4  Telecopier: (626) 683-8512

5  STEPHEN G. AUER (State Bar No. 74101)
   ANNA M. SUDA (State Bar No. 199378)
6  CHRISTENSEN & AUER
   225 South Lake Avenue, Suite 860
7  Pasadena, California 91101
   Telephone: (626) 568-2900
8  Telecopier: (626) 568-2911

9  Attorneys for Defendants Northridge Medical Group, Inc.
   and Family/Seniors Medical Group, Inc.

FILED
SEP 2 4 2007

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re MERIDIAN HEALTH CARE SERVICES, INC., a Delaware corporation<br><br>Debtor.<br>―――――――――――――<br>DAVID R. HAGEN, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>NAUTIC PARTNERS, LLC, , etc., et al.,<br><br>Defendants. | Case No. SV 06-10733-GM<br><br>Chapter 7<br><br>Adv. No. 07-1186<br><br>**ANSWER OF NORTHRIDGE MEDICAL GROUP, INC. FAMILY/SENIORS MEDICAL GROUP, INC. TO TRUSTEE'S ADVERSARY COMPLAINT**<br><br>Status Conference: October 24, 2007<br>Time:              1:30 p.m.<br>Courtroom No.: 303<br>   21041 Burbank Boulevard<br>   Woodland Hills, CA 91637<br><br>[Hon. Geraldine Mund] |

Defendants Northridge Medical Group, Inc. ("Northridge") and Family/Seniors Medical Group, Inc. ("Family/Seniors"), answering for themselves alone the Complaint in the above-

1

ORIGINAL

captioned adversary proceeding (the "Complaint") of David R. Hagan, Chapter 7 Trustee, (the "Trustee") admit, deny, and allege as follows:

1. Answering Paragraphs 1 and 2, admit the allegations of these paragraphs.

2. Answering Paragraph 3, admit that this Court has jurisdiction over this proceedings and that venue is proper in this Court as therein alleged, and that the Trustee brings this proceeding as a core proceeding.

3. Answering Paragraph 4, admit that the Complaint initiates an adversary proceeding as set forth in the Complaint.

**ANSWER TO GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

4. Answering Paragraphs 5 and 6, admit the allegations of these paragraphs.

5. Answering Paragraph 7, admit and allege that Defendants Chisholm Partners, IV, L.P. ("Chisholm") and Fleet Equity Partners VI, L.P. ("Fleet Equity") each was at all times relevant hereto, and is, a Delaware limited partnership; Defendant Fleet Venture Resources, Inc. ("Fleet Venture") was at all times relevant hereto, and is, a Delaware corporation; and Kennedy Plaza Partners II, LLC was at all times relevant hereto, and is, a Delaware limited liability company ("Kennedy"). Chisholm, Fleet Equity, Fleet Venture and Kennedy (collectively termed, with Defendant Hilinski, the "Nautic Defendants") have had at all times relevant hereto, and have, offices and principal places of business in Providence, Rhode Island.

6. Answering Paragraph 8, admit the allegations of this paragraph.

7. Answering Paragraph 9, admit the allegations of this paragraph, and further admit and allege that Alper at all relevant times acted with the permission, acquiescence and consent of the Nautic Defendants, and within the course and scope of his actual, ostensible, apparent and/or implied authority and agency conferred on him by the Nautic Defendants.

8. Answering Paragraphs 10-16, admit the allegations of these paragraphs.

9. Answering Paragraph 17, admit the allegations of this paragraph, and further admit and allege that the Debtor and the Nautic Defendants, and each of them, were and are each

2

obligated to Northridge and Family/Seniors to account fairly and accurately for their stewardship and handling of the funds of Northridge and Family/Seniors.

10. Answering Paragraphs 18-21, admit the allegations of these paragraphs.

11. Answering Paragraph 22, admit the allegations of this paragraph, and further admit and allege that during the period October, 2003--December, 2005 the Defendants knowingly misappropriated approximately $6,250,000 from Northridge and approximately $880,000 from Family/Seniors; that the acts and conduct of Alper, Sato and the Nautic Defendants were intended to, and did, conceal their wrongful conduct and among other things induced Northridge and Family/Seniors to continue to trust and rely upon the apparent financial and operational stability of the Debtor; that during this same period, Alper, Sato and the Nautic Defendants made and caused and permitted to be made affirmative misrepresentations to Plaintiff, to conceal the financial difficulties of the Debtor and persuade the Medical Group Parties that the Debtor continued to be a stable and financially sound business operation in which they could continue to repose trust and confidence. These misrepresentations included, in particular and without limitation, the use of Nautic's public statements and representations about its financial strength and expertise, when the Nautic Defendants had already refused to provide additional funding to the Debtor. These representations were made, among other times, at or about the time that the Defendants recognized and acknowledged among themselves, that the redemption by the Debtor of the preferred stock held by the Nautic Defendants and repayment to the Nautic Defendants of the subordinated debt of the Debtor, which were to have taken place respectively in March and July of 2004, could not be implemented because of the financial condition of the Debtor as above alleged.

12. Answering Paragraphs 23 and 24, admit the allegations of these paragraphs.

13. Answering Paragraph 25, admit the allegations of this paragraph, and further admit and allege that the benefits to the Defendants as therein alleged were furthered by, and made possible only by, the continued misappropriations by and on behalf of the Defendants of

3

customer funds, in particular the millions of dollars of funds which were and are the property of Northridge and Family/Seniors, respectively, which enabled the Defendants to continue to present the Debtor as a viable business and attractive acquisition.

### ANSWER TO FIRST CLAIM FOR RELIEF

14. Answering Paragraphs 26-29, repeat, restate and incorporate by this reference all the admissions, denials and allegations of Paragraphs 1-13, inclusive, of this Answer, and allege that no answer is otherwise required of Northridge or Family/Seniors to these paragraphs.

### ANSWER TO SECOND CLAIM FOR RELIEF

15. Answering Paragraphs 30-36, repeat, restate and incorporate by this reference all the admissions, denials and allegations of Paragraphs 1-14, inclusive, of this Answer, and allege that no answer is otherwise required of Northridge or Family/Seniors to these paragraphs.

### ANSWER TO THIRD CLAIM FOR RELIEF

16. Answering Paragraphs 37-40, repeat, restate and incorporate by this reference all the admissions, denials and allegations of Paragraphs 1-15, inclusive, of this Answer, and allege that no answer is otherwise required of Northridge or Family/Seniors to these paragraphs.

### ANSWER TO FOURTH CLAIM FOR RELIEF

17. Answering Paragraphs 41-45, repeat, restate and incorporate by this reference all the admissions, denials and allegations of Paragraphs 1-16, inclusive, of this Answer, and allege that no answer is otherwise required of Northridge or Family/Seniors to these paragraphs.

### ANSWER TO FIFTH CLAIM FOR RELIEF

18. Answering Paragraphs 46-52, repeat, restate and incorporate by this reference all the admissions, denials and allegations of Paragraphs 1-17, inclusive, of this Answer, and allege that no answer is otherwise required of Northridge or Family/Seniors to these paragraphs.

### ANSWER TO SIXTH CLAIM FOR RELIEF

19. Answering Paragraphs 53 and 54, repeat, restate and incorporate by this reference all the admissions, denials and allegations of Paragraphs 1-17, inclusive, of this Answer, and

allege that no answer is otherwise required of Northridge or Family/Seniors to these paragraphs.

### ANSWER TO SEVENTH CLAIM FOR RELIEF

20. Answering Paragraphs 55 and 56, repeat, restate and incorporate by this reference all the admissions, denials and allegations of Paragraphs 1-17, inclusive, of this Answer, and allege that no answer is otherwise required of Northridge or Family/Seniors to these paragraphs.

### ANSWER TO EIGHTH CLAIM FOR RELIEF

21. Answering Paragraphs 57-62, repeat, restate and incorporate by this reference all the admissions, denials and allegations of Paragraphs 1-17, inclusive, of this Answer, and allege that no answer is otherwise required of Northridge or Family/Seniors to these paragraphs.

### ANSWER TO NINTH CLAIM FOR RELIEF

22. Answering Paragraphs 63-68, repeat, restate and incorporate by this reference all the admissions, denials and allegations of Paragraphs 1-17 and 22, inclusive, of this Answer, and allege that no answer is otherwise required of Northridge or Family/Seniors to these paragraphs.

### ANSWER TO TENTH CLAIM FOR RELIEF

23. Answering Paragraphs 69-74, repeat, restate and incorporate by this reference all the admissions, denials and allegations of Paragraphs 1-17, inclusive, of this Answer, and allege that no answer is otherwise required of Northridge or Family/Seniors to these paragraphs.

### ANSWER TO ELEVENTH CLAIM FOR RELIEF

24. Answering Paragraphs 75-79, repeat, restate and incorporate by this reference all the admissions, denials and allegations of Paragraphs 1-13, inclusive, of this Answer, and allege that no answer is otherwise required of Northridge or Family/Seniors to these paragraphs.

### ANSWER TO TWELFTH CLAIM FOR RELIEF

25. Answering Paragraph 80, repeat, restate and incorporate by this reference all the admissions, denials and allegations of Paragraphs 1-17, inclusive, of this Answer.

26. Answering Paragraph 81, admit the allegations of this paragraph.

27. Answering Paragraphs 82-85, admit that the Trustee makes such contentions as

set forth therein, and admit and allege that Northridge and Family/Seniors, as creditors, have the sole and exclusive right to their respective creditors' claims against the Debtor as well as separate rights and claims against Alper, Sato and the Nautic Defendants arising out of the acts, conduct and circumstances as alleged in Paragraphs 1-17, above, of this Answer; that a dispute now exists between the Trustee on the one hand and Northridge and Family/Seniors on the other hand, as to the claims of Northridge and Family/Seniors against the Debtor and the respective rights of Northridge and Family/Seniors on the one hand and the Trustee on the other hand, against the Nautic Defendants arising out of the acts, conduct and circumstances hereinabove alleged and alleged in the Complaint; and that a judicial declaration is necessary and appropriate at this time, declaring and adjudicating such disputes between Northridge and Family/Seniors on the one hand and the Trustee on the other hand.

WHREFORE, Northridge and Family/Seniors pray for judgment as follows:

1. For a declaration that Northridge and Family/Seniors, as creditors, have the sole and exclusive right to their respective creditors' claims against the Debtor as well as separate rights and claims against Alper, Sato and the Nautic Defendants arising out of the acts, conduct and circumstances as alleged in the Trustee's Complaint and this Answer;

2. For attorneys' fees and litigation expenses as allowed by law;

3. For costs of suit incurred herein; and

///

6

4. For such other and further relief as the Court deems proper in the circumstances.

Dated: September 21, 2007

UZZELL S. BRANSON III
A Professional Corporation
LAW OFFICES OF UZZELL S. BRANSON III

By: _____
Uzzell S. Branson III
Attorney for Defendants Northridge Medical Group, Inc.
and Family/Seniors Medical Group, Inc.

Dated: September 21, 2007

CHRISTENSEN & AUER

By: _____
Stephen G. Auer
Attorneys for Plaintiff Family/Seniors Medical Group, Inc.

///

7

## PROOF OF SERVICE

I, the undersigned, say: I am over the age of 18 years and not a party to the within action or proceeding. My business address is 225 South Lake Avenue, Suite 1400, Pasadena, California 91101.

On September 24, 2007, I served the foregoing documents described as follows:

**ANSWER OF NORTHRIDGE MEDICAL GROUP, INC. FAMILY/SENIORS MEDICAL GROUP, INC. TO TRUSTEE'S ADVERSARY COMPLAINT**

on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to each of the following:
**See attached Service List, incorporated by this reference**
and served each as follows:

[ ] **BY MAIL–** I caused to be deposited such envelope for collection and mailing in the United States Mail at Pasadena, California, with first class postage thereon fully prepaid, in accordance with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service, with which practice I am readily familiar. Under that practice, such correspondence is deposited with the United States Postal Service at Pasadena, California on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in affidavit.

[ ] **BY PERSONAL SERVICE–** ( ) I delivered by hand, or ( ) I caused to be delivered by messenger service, such envelope to the offices of the addressee with delivery time prior to 5:00 p.m. on the date specified above.

[ ] **BY FACSIMILE TRANSMISSION–** I caused such document to be transmitted to the offices of the addressee via facsimile machine, prior to 5:00 p.m. on the date specified above.

[ X ] **BY OVERNIGHT DELIVERY–** I caused to be deposited such envelope in an envelope or package designated by an express service carrier with delivery fees paid or provided for and addressed to the person to be served as above set forth, in a box or other facility regularly maintained by such express service carrier, prior to the time listed thereon for pick-up. Hand delivery was guaranteed by the next business day.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 24, 2007 at Pasadena, California

_Connie V. Branson_     _/s/ Connie V. Branson_

## SERVICE LIST
### (In Re Meridian Health Care Management, Inc.)

| | |
|---|---|
| United States Trustee (SV)<br>21051 Warner Center Lane, Suite 115<br>Woodland Hills, CA 91367<br>Facsimile: 818-716-1576<br>Attn.: Margeaux Ross, Esq. | **U.S. Trustee** |
| David R. Hagan, Esq.<br>Merritt & Hagen<br>6320 Canoga Avenue, Suite 1400<br>Woodland Hills, CA 91367<br>Facsimile: 818-992-3309 | **Trustee** |
| Steven T. Gubner, Esq.<br>Barak Vaughn, Esq.<br>Ezra/Brutzkus/Gubner LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Facsimile: 818-827-9099 | **Attorney for Trustee** |
| Meridian Health Care Services, Inc.<br>6200 Canoga Avenue<br>Woodland Hills, CA 91367 | **Debtor** |
| Debra I. Grassgreen, Esq.<br>Pachulski Stang Ziehl Young Jones & Weintraub LLP<br>150 California Street, 15th Floor<br>San Francisco, CA 94111-4500<br>Facsimile: 415-263-7010 | **Attorney for Debtor** |

**Defendant Brian Sato:**
Brian Sato
1223 Paseo Sombra
San Dimas, CA 91773

Mark T. Hiraide, Esq.
Petillon & Hiraide, LLP
21515 Hawthorne Blvd., Ste. 1260
Torrance, CA 90503
Fx. 310-543-0550  [mhiraide@corplawp-h.com]

**Attorneys for Plaintiff e4e Incorporated in Case No. BC 345617:**
Tyler A. Baker, Esq.
Donald W. Searles, Esq.
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Fax: 650-938-5200  [tbaker@fenwick.com; dsearles@fenwick.com]

**Attorneys for Defendants Nautic Partners LLC; Chisholm Partners IV, L.P.; Fleet Equity Partners VI, L.P.; Fleet Venture Resources, Inc.; Kennedy Plaza Partners II, LLC:**

Mark A. Nadeau, Esq.
DLA Piper US LLP
2415 E. Camelback Road, Suite 700
Phoenix, AZ 85016
Fax: 480-606-5101
[mark.nadeau@dlapiper.com]

Sara L. Chenetz, Esq.
DLA Piper US LLP
1999 Avenue of the Stars, 4th Floor
Los Angeles, CA 90067-6023
Fax: 310-595-3300
[sara.chenetz@dlapiper.com]

**Attorneys for Defendant Scott Hilinski:**
John K. Rubiner, Esq.
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks & Lincenberg, APC
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
Fax. 310-201-2110  [jkr@birdmarella.com]

Sarah E. Walters, Esq.
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
Fax. 617-310-9459  [swalters@nutter.com]

**Attorneys for Defendant Michael Alper:**
James A. Kohn, Esq.
Moldo Davidson Fraioli Seror
& Sestanovich LLP
2029 Century Park East, Suite 1600
Los Angeles, CA 90067
Fax. 310-551-0238  [jkohn@mdfslaw]