UZZELL S. BRANSON III (State Bar No. 46561)
A Professional Corporation
LAW OFFICES OF UZZELL S. BRANSON III
301 South Lake Avenue, Suite 700
Pasadena, California 91101
Telephone: (626) 683-8925
Telecopier: (626) 683-8512

TIN KIN LEE (State Bar No. 127200)
LAW OFFICES OF TIN KIN LEE
55 South Lake Ave., Suite 705
Pasadena, CA 91101
Telephone: 626-229-9828
Facsimile: (626) 564-0331

STEPHEN G. AUER (State Bar No. 74101)
VICKI C. GADBOIS (State Bar No. 144377)
CHRISTENSEN & AUER
225 South Lake Avenue, Suite 860
Pasadena, California 91101
Telephone: (626) 568-2900
Telecopier: (626) 568-2911

Attorneys for Defendants, Counterclaimants and Cross-Claimants
Northridge Medical Group, Inc. and Family/Seniors Medical Group, Inc.

FILED
MAR 26 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                      Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re MERIDIAN HEALTH CARE MANAGEMENT, INC., a Delaware corporation,<br><br>Debtor.<br>_____<br>DAVID R. HAGEN, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>NAUTIC PARTNERS, LLC, etc., et al.,<br><br>Defendants.<br>_____<br>CAPTION CONTINUED ON NEXT PAGE | Case No. 1:06-bk-10733-GM<br><br>Chapter 7<br><br>Adv. No. 1:07-ap-1186<br><br>**MOTION OF MEDICAL GROUP PARTIES TO RECONSIDER AND VACATE ORDERS GRANTING MOTIONS IN LIMINE AND FOR SUMMARY JUDGMENT OF NAUTIC PARTIES**<br><br>Hearing Date: April 21, 2010<br>Time: 1:30 p.m.<br>Courtroom No.: 303<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91637<br><br>[Hon. Geraldine Mund] |

ORIGINAL

# TABLE OF CONTENTS

I. THE LEGAL STANDARD FOR VACATING A JUDGMENT . . . . . . . . . . . . . . . . . . . 4

II. THE JUDGMENT SHOULD BE VACATED BECAUSE OF THE EXCLUSION OF THE STATEMENTS OF ALPER AND SATO. . . . . . . . . . . . . . . . . . 5

A. The Court Erred in Analyzing the "Outer Layer of Hearsay.". . . . . . . . . . . . . . . . 5

B. The Court Erred in Analyzing the "Middle Layer of Hearsay.". . . . . . . . . . . . . . 6

C. The Sato and Alper Statements are admissible with respect to the "Inner Layer of Hearsay.". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

III. THE COURT FAILED TO CONSIDER OR RULE ON THE MEDICAL GROUP PARTIES' CONVERSION CLAIM . . . . . . . . . . . . . . . . . . . . . . . 10

IV. ALTERNATIVELY, IN THE EVENT THE COURT DECLINES TO VACATE THE SUMMARY JUDGMENT ORDER, THE COURT'S RULE 54(b) CERTIFICATION REQUIRES ADDITIONAL FINDINGS . . . . . . . . . . . . . . . . . . . . . 10

V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

CASES

*American Ironworks & Erectors Inc. v. North American Const. Corp.*
248 F3d 892, 898–899(9 Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Arizona Civil Liberties Union v. Dunham*, 112 F Supp.2d 927 (D.Az 2000) . . . . . . . . . . . . . . . 5

*Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9 Cir.2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Fidelity Federal Bank, FSB v. Durga Ma Corp.*, 387 F3e 1021, 1024 (9 Cir. 2004) . . . . . . . . . 4

*Fiduccia v. U.S. Department of Justice*, 185 F.3d 1035 (9 Cir. 1999) . . . . . . . . . . . . . . . . . . . . 5

*Gonzalez v. Texaco Inc.* 344 Fed. Appx. 304, 309 (9 Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Syncor ERISA Litigation*, 516 F3d 1095 (9 Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Kingvision Pay-per-view Ltd. v. Lake Alice Bar*, 168 F.3d 347 (9 Cir. 1999) . . . . . . . . . . . . . . 4

*Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962 at 965 (9 Cir. 1981) . . . . . . . . . . . . . . . 11

*Norman v. Arkansas Dept. of Education*, 79 F.3d 748, 749 (8 Cir. 1996) . . . . . . . . . . . . . . . . . 4

*Padilla v. Terhune*, 309 F3d 614, 619 (9 Cir 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Sheehan v. Atlanta International Insurance Company*, 812 F.2d 465 (9 Cir. 1987) . . . . . . . . 11

*Sutliff, Incorporated v. Donovan Companies, Inc.*, 727 F.2d 648, 652 (7 Cir. 1984) . . . . . . . . . 4

*United States v. Centracchio*, 265 F.3d 518 (7 Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,9

*United States v. Layton*, 855 F.2d 1388 (9 Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

*United States v. Mussare*, 405 F3d 161, 168 (3 Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Patayan Soriano*, 361 F.3d 494, 506 (9 Cir. 2004) . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Shyrock*, 342 F3d 948 (9 Cir 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Westmoreland*, 216 F.3d 618 (7 Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

*Williamson v. United States,* 512 U.S. 594, 596 (1994) .................................. 7

## STATUTES & RULES

Federal Rules of Bankruptcy Procedure

FRBP 9023 .................................................................. 1,4

FRBP 9024 .................................................................. 1,4

Federal Rules of Civil Procedure

FRCP 54(b) ............................................................. 2,10-11

FRCP 59(e) ................................................................ 1,4-5

FRCP 60(b) ................................................................ 1,4-5

FRCP 60(b)(1) ................................................................ 5

Federal Rules of Evidence

FRE 801(d)(2)(A) ............................................................. 9

FRE 801(d)(2)(D) ............................................................. 9

FRE 804(b)(3) .............................................................. 7-8

| | |
|---|---|
| NORTHRIDGE MEDICAL GROUP, INC., a California professional medical corporation, et al., <br><br> Counterclaimants and Cross-Complainants, <br><br> vs. <br><br> MERIDIAN HEALTH CARE MANAGEMENT, INC., etc., et al. <br><br> Counterdefendant and Cross-Defendants | Pretrial Conference: September 1, 2010 <br> Time: 1:30 p.m. <br> Courtroom No.: 303 <br> 21041 Burbank Boulevard <br> Woodland Hills, CA 91637 |

Defendants, counterclaimants and cross-claimants Northridge Medical Group, Inc., a California professional medical corporation ("Northridge") and Family/seniors Medical Group, Inc., a California professional medical corporation ("Family/Seniors," and collectively with Northridge, the "Medical Group Parties"), hereby move the Court for the following relief:

(a) To reconsider and vacate its Order Granting Both Motions in Limine (Docket Number 229 and Number 250) to Exclude Statements of Brian Sato and Michael Alper filed and entered November 19, 2009 (Docket No. 260, the "In Limine Order"), and to enter an order denying those motions; and

(b) To reconsider and vacate its Amended Order Granting Cross-Defendants Nautic Partners LLC, Chisholm Partners IV, L.P., Fleet Equity Partners VI, L.P., Fleet Venture Resources, Inc., Kennedy Plaza Partners, II, LLC, and Scott Hilinski's Motion for Summary Judgment filed and entered March 12, 2010 (Docket No. 281, the "Summary Judgment Order"), and to enter an order denying the Nautic Parties' motion for summary judgment.

This Motion is made pursuant to Federal Rules of Bankruptcy Procedure Rule 9023 and 9024, applying Federal Rules of Civil Procedure Rule 59(e) and 60(b), on the following grounds:

1. Clear error of law or fact requires vacation of an order or judgment (discussed in Section I, below, of this Motion);

2. The In Limine Order and the Summary Judgment Order should be vacated because of clear error in excluding the Alper statement describing the October, 2003

1

conference call between Alper, Sato and Hilinski, as well as the statement of Sato on the same subject (discussed in Section II, below);

3.  The Court has not ruled on the conversion claim of the Medical Group Parties, and in doing so should vacate the Summary Judgement Order as to that claim (discussed in Section III, below);

4.  Alternatively, if the Court declines to vacate the granting of summary judgment to the Nautic Parties, the Court's Rule 54(b) certification requires additional findings (discussed in Section IV, below)

This Motion is based on this Motion, the attached Memorandum of Points and Authorities and Notice of Motion filed concurrently herewith, the pleadings and papers on file in this Adversary Proceeding, all of which are hereby incorporated by reference, and such other and further evidence and argument as the Court may consider at the hearing of this motion[1].

---

[1]  The Federal Rules of Bankruptcy Procedure are hereafter in this Motion referenced as "FRBP," the Federal Rules of Civil Procedure as "FRCP," and the Federal Rules of Evidence as "FRE."

This Motion follows the references previously employed by the Medical Group Parties to the documents filed in connection with the Nautic Parties' motions in limine and for summary judgment, with references by docket number, section, page and line as appropriate, as follows:

(1) To the Court's Memorandum of Opinion Granting Cross-Defendants Nautic Partners LLC, Chisholm Partners IV, L.P., Fleet Equity Partners VI, L.P., Fleet Venture Resources, Inc., Kennedy Plaza Partners, II, LLC, and Scott Hilinski's Motion for Summary Judgment filed and entered December 22, 2009 (the "Summary Judgment Opinion"[Docket No. 269]), and to the Court's Memorandum of Opinion Regarding Motions in Limine to Exclude Statements of Brian Sato and Michael Alper filed and entered November 19, 2009 (the "In Limine Opinion," [Docket No. 261]);

(2) References to the opposition of the Medical Group Parties to the summary judgment motion of the Nautic Parties (the "MSJ Opposition" [Docket No. 221]); the deposition of Peter Salomon, (the "Salomon Depo" [Docket No. 220]; and the opposition of the Medical Group Parties to the Nautic Parties' (second) motion in limine (the "In Lim Opposition" [Docket No. 245];

References to transcripts are by page and line, and to exhibits by number and, where appropriate, page and line as well, to the Deposition of Peter A. Salomon filed with its Exhibits 7-12 on July 7, 2009 as part of the MSJ Opposition(the "Salomon Depo." [Docket No.220]); and the Transcript of Proceedings at the hearing on the MSJ Motion on November, 25, 2009 (the "November 25 Hearing" [Docket No. 272]. The Court did not hear oral argument on the in limine motions addressed in the In Lim Opinion.

2

1  Dated: March 26, 2010              UZZELL S. BRANSON III
                                      A Professional Corporation
2                                     LAW OFFICES OF UZZELL S. BRANSON III

3                                     By:_____
                                             Uzzell S. Branson III
4                                     Attorney for Defendants, Counterclaimants and Cross-
                                      Claimants Northridge Medical Group, Inc. and
5                                     Family/Seniors Medical Group, Inc.

6  ///

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE LEGAL STANDARD FOR VACATING A JUDGMENT.

FRBP 9023 and 9024, respectively, provide that with certain qualifications FRCP 59 and 60 apply in adversary proceedings such as the present one[2]. The Federal Rules do not as such provide for a motion for reconsideration; however, a motion to vacate a judgment or order, such as the present one, is properly made under Rule 59(e), *Sutliff, Incorporated v. Donovan Companies, Inc.*, 727 F.2d 648, 652 (7 Cir. 1984), and a court can address mistake or inadvertence, either on the part of the court or counsel, or both, under Rule 60(b), *Kingvision Pay-per-view Ltd. v. Lake Alice Bar*, 168 F.3d 347 (9 Cir. 1999); *Fidelity Federal Bank, FSB v. Durga Ma Corp.*, 387 F3e 1021, 1024 (9 Cir. 2004). Some cases, such as *In re Syncor ERISA Litigation*, 516 F3d 1095, 1102 (9 Cir. 2008), look to both Rule 59(e) and Rule 60(b) in vacating a judgment.[3]

The circumstances under which a motion such as the present one will be granted are set forth by the Ninth Circuit in the *Syncor* case, as follows:

> "Rule 59(e) amendments are appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law, citing *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9 Cir.2003) [internal quotation marks omitted]."

516 F3d at 1100. The "clear error" which supports relief can be a factual error by the court, see *Norman v. Arkansas Dept. of Education*, 79 F.3d 748, 749 (8 Cir. 1996) [Rule 59(e) motion "appropriate in cases where the court has based an order on a factual error"], or a "clearly erroneous" view of the law, see *Gonzalez v. Texaco Inc.* 344 Fed. Appx. 304, 309 (9 Cir. 2009) [sanctions order based on incorrect legal standard reversed].

---

[2] Unless otherwise indicated, the terms "Rule 59" and "Rule 59(e)" denote FRCP 59 as applied and modified under FRBP 9023, and "Rule 60(b)" denotes FRCP 60(b) as applied and modified under FRBP 9024.

[3] A motion which addresses substantive rulings of the Court and is filed within the time prescribed by Rule 59(e) is generally treated as a Rule 59(e) motion to alter or amend the judgment, see, e.g., *American Ironworks & Erectors Inc. v. North American Const. Corp.* 248 F3d 892, 898–899(9 Cir. 2001). Such a motion filed outside the Rule 59(e) period is usually considered as a Rule 60(b) motion for relief from judgment, *id.* at 898-899.

4

Moreover, relief under Rule 59(e) or 60(b) is appropriate where a court omits consideration of significant factual or legal matters in reaching a decision. Thus, in *Fiduccia v. U.S. Department of Justice*, 185 F.3d 1035 (9 Cir. 1999), the Ninth Circuit approved the trial court's grant of relief under Rule 60(b)(1) after reviewing an affidavit which the court had failed to consider in dealing with the "mountain of paper" before it, 185 F3d at at 1045-1046. And in *Arizona Civil Liberties Union v. Dunham*, 112 F Supp.2d 927 (D.Az 2000), the District Court reversed its judgment of dismissal on standing grounds, holding that because it had considered some, but not all, of the potential for injury to the plaintiffs, "[r]econsideration [was] merited even though this Court engaged in a careful analysis of Plaintiffs' standing in its prior order, due to both the significance and the difficulty of the issue," 112 F Supp2d at 928.

## II. THE JUDGMENT SHOULD BE VACATED BECAUSE OF THE EXCLUSION OF THE STATEMENTS OF ALPER AND SATO.

As the Court has observed in deciding to grant summary judgment, "if [the Sato and Alper] statements were admissible at any level (through the memoranda, the declaration, or the deposition of Salomon), the motion for summary judgment must be denied" [Summary Judgment Opinion, Docket No. 269, at 5:10–12]. For the reasons set out below, the Medical Group Parties believe that the decision of the Court to exclude these statements, and therefore the grant of summary judgment, should be vacated[4].

### A. The Court Erred in Analyzing the "Outer Layer of Hearsay."
[In Limine Opinion, Docket No. 261, Sec. III at 17–18]

In addressing the "outer layer" of admissibility of the Sato and Alper statements, the Court analyzed the evidence before it only in terms of the Salomon declaration and Sato declaration, and omitted consideration of Salomon's testimony concerning these events [In Limine Opinion, Docket No. 261, at 17–18], taking the view that Salomon "has no independent information and relies solely on the inadmissible interviews memoranda" [*Id* at 18:2–4]. Without contesting for purposes of the present Motion the admissibility of the interview

---

[4] Although the Court refers to the Sato and Alper statements in the plural, and for some purposes this Motion does so as well, under the logic of the Court's observation summary judgment must be denied if either the Sato or the Alper statements regarding the October 2003 conference call are admissible.

memoranda, the assertion that Salomon had no information apart from those documents is plainly wrong, and led the Court to omit entirely considering Salomon's deposition in terms of his testimony as a percipient witness.

Although for convenience both counsel for the Nautic Parties and for the Medical Group Parties referred often to the declarations and interview memoranda in questioning Salomon, his deposition sets forth his own recollection of events. Indeed, from the outset of his deposition he was careful to distinguish between his own testimony and the statements in his declaration [Salomon Depo, Docket No. 220, at 11:5–21]. He testified that Alper's statements as set out in Salomon's declaration were things Alper had said to him [*Id.* at 12:20–13:14] and, after extensive and vigorous cross-examination by counsel for the Nautic Parties, again confirmed that Alper's account of the October 2003 conference call as reported in Salomon's declaration was in substance if not verbatim, what Alper had said to him [*Id.* at 133:25–134:20]. Salomon further testified as to his recollection of what Sato told him regarding the three-way conversation with Alper and Hilinski [*Id.* at 51:10–23], separately from his recollection of the circumstances surrounding Mr. Sato's review, correction and execution of the Sato declaration [*Id.* at 18:6–19:12].

In sum, Mr. Salomon's deposition sets out his own testimony, which is admissible as the testimony under oath, with full opportunity of the Nautic Parties to challenge on cross-examination. The "outer layer" of admissibility of the Alper and Sato statements is not hearsay at all[5].

**B.   The Court Erred in Analyzing the "Middle Layer of Hearsay."**
[In Limine Opinion, Docket No. 261, Sec. IV.A at 18–22]

It is in the "middle layer" of admissibility that the issue of analyzing the statements of Sato and Alper to Salomon under FRE 804(b)(3) arises. As a starting point, the Medical Group

---

[5] There is authority that the credibility of the witness who testifies to the out-of-court statement is not in issue in the context of his relation of the statements of Alper or Sato, but it is worth noting that not only is the Salomon deposition testimony the <u>only</u> direct evidence of the circumstances surrounding the Alper and Sato statements, it is also credible. Mr. Salomon, who engaged by e4e's counsel in connection with a dispute with the Nautic Parties long since settled, is in an entirely neutral position as a witness in the present controversy between the Medical Group Parties and the Nautic Parties.

6

Parties agree with the Court that under *Williamson v. United States*, 512 U.S. 594 (1994), the Alper statement and the Sato statement regarding the October 2003 conference call are each admissible against Hilinski, and thus by extension the other Nautic Parties, if in the context of the circumstances the statement is self-inculpatory [In Limine Opinion, Docket No. 261, at 18–19]. However, the Medical Group Parties maintain that the Court's restricted view of the legal threshold which must be met to pass the *Williamson* test and its and its analysis of the context of the statements [*Id.* at 20:3–22:4], are clearly in error.

The Court at page 20 of the In Limine Opinion sets forth a narrow reading of the legal threshold, based on four authorities, three of which are not FRE 804(b)(3) cases at all. The reasons why *United States v. Shyrock*, 342 F3d 948 (9 Cir 2003) and *Padilla v. Terhune*, 309 F3d 614, 619 (9 Cir 2002) are inapposite have previously been discussed by the Medical Group Parties [Supp. Opp., Docket No. 255, at pp.10:7–11:8 and 12:8–24]. *United States v. Patayan Soriano*, 361 F.3d 494 (9 Cir. 2004) dealt with probable cause for a search warrant; though it did involve self-inculpation analysis in connection with the quotation for which the Court cites the case [In Limine Opinion, Docket No. 261, at 20:9–10], the facts of the present case are entirely consistent with this quotation, as set forth below in this Memorandum.

Although the fact that inculpatory statements were made to a close friend in a private setting may indeed indicate they were not an attempt to deflect liability, as was the case in *United States v. Mussare*, 405 F3d 161, 168 (3 Cir. 2005) [In Limine Opinion, Docket No. 261, at 20:12–24], it is by no means the only situation in which a statement is satisfactory for FRE 804(b)(3) purposes. Thus in the *Williamson* case Justice O'Connor observed that:

> "...There are many circumstances in which Rule 804(b)(3) does allow the admission of statements that inculpate [another] a criminal defendant. <u>Even the confessions of arrested accomplices may be admissible if they are truly self-inculpatory, rather than merely attempts to shift blame or curry favor</u>....[Emphasis added]"

512 U.S. at 595. And in a variety of situations, statements which were emphatically not made in a private setting, or to a close friend, have been held admissible. In *United States v. Centracchio*, 265 F.3d 518 (7 Cir. 2001), the Seventh Circuit held it an abuse of discretion for the trial court to exclude a plea allocution which inculpated others, 265 F.3d at 526, although the

7

declarant had recanted his allocution, thereafter took the Fifth Amendment at trial and refused to testify, and the trial court in imposing sentence expressly found that the declarant was a liar, *Id.* at 523. The Seventh Circuit in that case went on to state:

> "...the mere fact that Sapoznik may have pleaded guilty to get a "good deal" does not mean he lied about his actual guilt. And, while the government was admittedly involved in the production of the text of the plea allocution, this is distinguishable from our cases addressing custodial confessions. No one has presented evidence in this case to suggest that the wording of the plea colloquy was coerced or manipulated for the purpose of indicting other individuals. The mere fact that the prosecutor recited the actual content of the plea agreement and Sapoznik just acknowledged with a short reply that he agreed with it does not persuade us that the allocution is inherently unreliable."

265 F3d at 530. In *United States v. Layton*, 855 F.2d 1388, 1407 (9 Cir. 1988), statements made to a constable upon the witness' arrival at the police station were held admissible. And in *United States v. Westmoreland*, 216 F.3d 618 (7 Cir. 2001), two police officers were allowed to testify as to hearsay statements made by the out-of-court declarant in the course of questioning at the police station, in which the declarant confessed to murder, 216 F3d at 624-625. The Seventh Circuit found these statements, among others, admissible against the defendant on the following basis:

> "More compellingly, none of the above statements can be said to be an effort by Abeln to shift blame. By admitting to a role in both the drug conspiracy and his wife's murder, Abeln surely knew that he was facing a prison term so lengthy (if not a capital sentence) that any effort to shift blame would not help him. Instead, Abeln's statements merely fill in gaps in his story and reveal Abeln's detailed knowledge of the drug conspiracy, in which he played a major role. Consequently, the district court did not abuse its discretion in admitting Abeln's hearsay statements under Rule 804(b)(3)."

216 F3d at 626-627.

In the present case, the accounts by Alper and Sato of the October 2003 conference call were highly self-inculpatory. By describing themselves as being involved in a conspiracy from its outset, they thereby subjecting themselves to liability in the same fashion as the declarant in the *Westmoreland* case, and provided e4e with "much, much more" than anyone would otherwise have had about the timing, nature and extent of the misappropriation scheme, and certainly a great deal more than was known at the time. Contrary to the Court's view [In Limine Opinion, Docket No. 261, at 21:1–5], Alper had not "already admitted" anything before his December 2005 statement to Salomon–indeed, that statement was precisely the time, and only

8

time, he admitted participating in the advanced billing scheme. There is no evidence that Alper had begun to "feel the heat" from e4e at any prior time, and in any event the pressure on both Alper and Sato was vastly less intense than that in the *Layton* and *Westmoreland* cases, where the declarants were involved in murder and were in police custody. Similarly, the circumstances of Alper's statement, and Sato's declaration as well, are much less subject to question than in *Centracchio*, where a plea allocution recited by a prosecutor, which the declarant later recanted, was held admissible. Moreover, in the present case the testimony of Salomon expressly negates any coercion or effort to get either Alper [Salomon Depo, Docket No. 220, at 14:15–15:7] or Sato [*Id.* at 20:14–23] to make a false or inaccurate statement.

C.  **The Sato and Alper Statements are admissible with respect to the "Inner Layer of Hearsay."** [In Limine Opinion, Docket No. 261, Sec. V at 25-26]

The third "inner layer" of admissibility addresses the conduct of Hilinski in the October 2003 conference call. The Court did not address this level of admissibility because it did not consider it necessary to do so, based on its view that admissibility was not established under the "middle layer" of hearsay [In Limine Opinion, Docket No. 261, at 26:8–16]. By the same token, however, once the "middle layer" threshold is crossed, the statements of Alper and Sato are each before the Court, as they would be if they had testified. In that situation, the nonhearsay purposes which the Court discusses only in the context of the "middle layer" of admissibility [In Limine Opinion Secs. II.B and C at 22:5–25:24] are applicable to satisfy the "inner layer" of admissibility.

Thus, Hilinski's agreement to the misappropriation scheme (Sato) or silence when told of it (Alper) is not excluded. Because Hilinski is a party, for the reasons discussed previously by the Medical Group Parties [In Lim Opposition, Docket No. 245, Sec. VI at 27–29] his agreement is admissible as to him as a party admission under FRE 801(d)(2)(A) or his silence is an adoptive admission under FRE 801(d)(2)(D).

Once the Sato and Alper statements come into evidence by crossing the "middle layer" threshold, the nonhearsay purposes discussed by the Court [In Limine Opinion, Docket No. 261, Sec. II.C at 22-25] are also applicable, as previously discussed by the Medical Group Parties [In

9

Lim Opposition, Docket No. 245, Sec. V at 24–26]. The objection of the Court to these grounds, that the statements are probative only if true, conflates admissibility (which the Court considers at this stage of the case) with the ultimate question (for resolution by the trier of fact at trial) of persuasiveness. In the sense addressed by the Court, nothing is ever probative unless it is true, but evidence offered by any witness can always be questioned; this does not vitiate admissibility where, as here, appropriate nonhearsay purposes apply.

### III. THE COURT FAILED TO CONSIDER OR RULE ON THE MEDICAL GROUP PARTIES' CONVERSION CLAIM.

As counsel for the Medical Group Parties pointed out at the November 25, 2010 hearing on the summary judgment motion, the conversion claim is independent of Hilinski's contemporaneous knowledge of the misappropriations. This is the case because, as the Medical Group Parties have previously pointed out, under California law (1) a conversion is established where the ultimate use of the property is for the defendant's benefit, although the defendant may be a stranger to the initial taking, and (2) use of converted funds does not require a manual taking, but only a specific sum capable of identification [MSJ Opposition, Docket No. 221, Sec. VII at 39–40]. Both of these elements are satisfied under the uncontested facts of this case, regardless of whether the Nautic Parties had contemporaneous knowledge of the misappropriations.

The Summary Judgment Opinion contains no reference to the conversion claim of the Medical Group Parties. Accordingly, this Motion must be granted to add a discussion and disposition of that claim, and for the reasons set forth above, the Medical Group Parties submit that summary judgment must be denied as to this claim.

### IV. ALTERNATIVELY, IN THE EVENT THE COURT DECLINES TO VACATE THE SUMMARY JUDGMENT ORDER, THE COURT'S RULE 54(b) CERTIFICATION REQUIRES ADDITIONAL FINDINGS.

The Medical Group Parties maintain that the In Limine Order, and therefore the Summary Judgment Order, must be vacated for the reasons set out in Section II, above, of this Motion, and separately that the Summary Judgment Order must be vacated and summary judgment denied as to the conversion claim for the reasons set out in Section III above.

10

However, the Medical Group Parties also move, in the alternative, for relief as set forth below, in the event the Court declines to vacate the Summary Judgment Order.

The Ninth Circuit stated in *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962 at 965 (9 Cir. 1981) ruled that Rule 54(b) certifications require "specific findings setting forth the reasons for its order." However, the Ninth Circuit has in a number of cases also held that the absence of such findings (unlike an express Rule 54(b) statement) is not a jurisdictional defect; in one such case, *Sheehan v. Atlanta International Insurance Company*, 812 F.2d 465 (9 Cir. 1987) the Ninth Circuit described considerations which are applicable to the present case:

> "The district court did not abuse its discretion in making the Rule 54(b) certification....The order and judgment fully dispose of the case between the Sheehans and Atlanta, and will likely aid in the expeditious decision of Integrity's counterclaim. The Rule 54(b) claims do not have to be separate from and independent of the remaining claims. [Citation] Thus, we have jurisdiction..."

812 F2d at 468. The Court has already determined that this case is an appropriate one for Rule 54(b) certification. In the event that the Court decides not to vacate the Summary Judgment Order, the Medical Group Parties respectfully submit that the present case presents precisely the same reasons for a Rule 54(b) certification as set out in the *Sheehan* case, and requests that the Summary Judgment Order be amended to set forth these reasons.

## V. CONCLUSION.

For the reasons set forth above, the Medical Group Parties respectfully submit that the In Limine Order and Summary Judgment Order should be vacated, and the Court should enter its orders denying the Nautic Parties' motions in limine and denying summary judgment.

Dated: March 26, 2010

UZZELL S. BRANSON III
A Professional Corporation
LAW OFFICES OF UZZELL S. BRANSON III

By: _____
Uzzell S. Branson III
Attorney for Defendants, Counterclaimants and Cross-Claimants Northridge Medical Group, Inc. and Family/Seniors Medical Group, Inc.

///

| | |
|---|---|
| In re: MERIDIAN HEALTH CARE MANAGEMENT, INC., Debtor<br><br>DAVID R. HAGEN, Ch. 7 Trustee vs. NAUTIC PARTNERS, LLC, et al.<br>Debtor(s). | CHAPTER 7<br>CASE NUMBER: SV06-10733-GM<br>ADV. NUMBER: Adv. 07-1186-GM: |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

301 North Lake Avenue, Suite 700
Pasadena, California 91101

A true and correct copy of the foregoing document described as **MOTION OF MEDICAL GROUP PARTIES TO RECONSIDER AND VACATE ORDERS GRANTING MOTIONS IN LIMINE AND FOR SUMMARY JUDGMENT OF NAUTIC PARTIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

NOT APPLICABLE.

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On __March 26, 2010__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

NOT APPLICABLE.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 26, 2010 | Connie V. Branson | _/s/ Connie V. Branson_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                    F 9013-3.1

| In re: MERIDIAN HEALTH CARE MANAGEMENT, INC., Debtor<br>DAVID R. HAGEN, Ch. 7 Trustee vs. NAUTIC PARTNERS, LLC, et al.<br>Debtor(s). | CHAPTER 7<br>CASE NUMBER: SV06-10733-GM<br>ADV. NUMBER: Adv. 07-1186-GM: |
|---|---|
| Hon. Geraldine Mund<br>United States Bankruptcy Judge<br>Central District of California<br>21041 Burbank Blvd., #342<br>Woodland Hills, CA 91367 | **U.S. Trustee**<br>United States Trustee (SV)<br>21051 Warner Center Lane, Suite 115<br>Woodland Hills, CA 91367<br>Attn.: Margaux Ross, Esq. |
| **Chapter 7 Trustee**<br>David R. Hagen, Esq.<br>Merritt & Hagen<br>320 Canoga Avenue, Suite 1400<br>Woodland Hills, CA 91367 | **Attorneys for Chapter 7 Trustee**<br>Steven T. Gubner, Esq.<br>Richard Burstein, Esq.<br>Ezra/Brutzkus/Gubner LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367 |
| **Attorneys for Michael Alper**<br>Howard I. Camhi, Esq.<br>Ervin Cohen & Jessup LLP<br>9401 Wilshire Blvd., 9th Floor<br>Beverly Hills, CA 90212 | **Attorneys for Brian Sato**<br>Mark T. Hiraide, Esq.<br>Petillon Hiraide & Loomis, LLP<br>21515 Hawthorne Blvd., Ste. 1260<br>Torrance, CA 90503 |
| **Attorneys for e4e Incorporated**<br>Peter C. Bronson, Esq.<br>Law Offices of Peter C. Bronson, APC<br>770 L Street Suite 950<br>Sacramento, CA 95814 | **Attorneys for e4e Incorporated**<br>Tyler A. Baker, Esq.<br>Fenwick & West LLP<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA 94041 |
| **Attorneys for Nautic Parties**<br>Joshua Briones, Esq.<br>Ana Tagvoryan, Esq.<br>DLA Piper US LLP<br>1999 Avenue of the Stars, Suite 400<br>Los Angeles, CA 90067 | **Attorneys for Nautic Parties**<br>Mark A. Nadeau, Esq.<br>Laura M. Kam, Esq.<br>DLA Piper US LLP<br>2525 E. Camelback Road, Suite 1000<br>Phoenix, AZ 85016-4232 |
| **Attorneys for Scott Hilinski**<br>Gary S. Lincenberg, Esq.<br>John K. Rubiner, Esq.<br>Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, PC<br>1875 Century Park East, 23rd Floor<br>Los Angeles, CA 90067-2561 | **Attorneys for Scott Hilinski**<br>Jonathan Kotlier, Esq.<br>Nutter McClennen & Fish LLP<br>World Trade Center West<br>155 Seaport Boulevard<br>Boston, MA 02210-2604 |
| **Attorneys for Lisa Sato**<br>Jeffrey A. Kent, Esq.<br>Robert D. Schwartz, Esq.<br>Poindexter & Doutre, Inc.<br>624 So. Grand Ave., Ste. 2420<br>Los Angeles, CA 900017 | |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1